# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| CHRISTOPHER DASHAUN YOUNG, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | CIVIL ACTION NO.: 2:16-cv-92 <br><br> (Case. No.: 2:15-cr-8) |

## O R D E R

Presently before the Court is Petitioner Christopher Dashaun Young's ("Young") Motion to Amend/Correct his Petition for Writ of Habeas Corpus. (Doc. 5.) Respondents did not file a Response to Young's Motion. Upon consideration, the Court **GRANTS** Young's Motion as unopposed.

## BACKGROUND

Young filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 contesting his conviction obtained in this Court on June 21, 2016. (Doc. 1.) Respondents filed a Motion to Stay Proceedings Due to Pending Direct Appeal on August 5, 2016, (doc. 3), which the Court granted on August 11, 2016, (doc. 4). Young then filed the present Motion to Amend. (Doc. 5.)

## DISCUSSION

Federal Rule of Civil Procedure 15, which governs amendment of pleadings, is applicable to § 2255 petitions. Mayle v. Felix, 545 U.S. 644, 655 (2005)). Thus, the Court will apply a traditional Rule 15 analysis to Young's Motion to Amend. Rule 15(a) provides that a party "may

amend its pleading once as a matter of course" either within twenty-one days after serving it or within twenty-one days after service of a required responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). Once this time has passed, a party "may amend its pleading only with the opposing party's written consent or the court's leave," which the court "should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" In re Engle Cases, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Here, Respondent has not filed a Response or a Motion to Dismiss Young's Section 2255 Motion. Furthermore, this case is stayed pending a decision by the Eleventh Circuit Court of Appeals on Young's direct appeal. Accordingly, Young may amend his Motion as a matter of course, and the Court, therefore, **GRANTS** Young's Motion. The Court **DIRECTS** Young to file his Amended Section 2255 Motion within 21 days of the date of this Order.

**SO ORDERED**, this 12th day of October, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA